Per Curiam.

Petitioner contends that his plea of guilty was induced by promises of the prosecuting attorney, his own counsel and the court. The only evidence of such promises is the statement of the petitioner. The promise, according to petitioner’s own statement, was that he would be put on probation, which he was, and the probation was revoked only as a result of his own acts.
Even if such promises were made, that is not a matter which may be reviewed in habeas corpus; such issues can be raised only by appeal. Boyer v. Maxwell, Warden, 175 Ohio St., 318; and Click v. Eckle, Supt., 174 Ohio St., 88.
Petitioner urges also that, inasmuch as the federal authorities did not prosecute him on the charge of forgery of unemployment compensation checks stolen from the United States mails, such offense could not be used as ground for the revocation of his probation. This, of course, is untenable. It was the act of petitioner which constituted the violation of his probation and not whether he was prosecuted by the authorites for such act.
Petitioner urges also that the time he spent in the county jail should have been credited on his penitentiary sentence. Errors relating to sentence, if any, are not cognizable in habeas corpus but must be raised by appeal. Spence v. Sacks, Warden, 173 Ohio St., 419; and Johnson v. Sacks, Warden, 173 Ohio St., 452.
Finally, petitioner argues that his sentence was void because he did not have counsel appointed to represent him at the hearing on the revocation of his probation. The right to appointment of counsel relates only to the actual trial of the accused. Once one is convicted and placed on probation, his trial has terminated, and one does not have the right to have counsel *217 appointed to represent him on a subsequent hearing for the revocation of his probation. Thomas v. Maxwell, Warden, 175 Ohio St., 233.
Petitioner has shown no right to his release.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.